(112 So. 798)

No. 26523.

### LANCASTER v. HIBERNIA BANK & TRUST CO.

April 25, 1927.

*(Syllabus by Editorial Staff.)*

Libel and slander ⊜112(1)—Suit for slander by bank's officers and detectives searching for missing money receipted for by plaintiff held properly dismissed for want of proof.

Suit against bank for slander by its officers and detectives, employed by it to search for money, receipted for by plaintiff as teller, *held* properly dismissed for failure to prove case, where all his statements and charges were denied and denials corroborated in almost every instance.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by A. D. Lancaster against the Hibernia Bank & Trust Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

Henry Mooney, Charles I. Denechaud, and W. B. Lancaster, Jr., all of New Orleans, for appellant.

McCloskey & Benedict, and Dufour, Goldberg & Kammer, all of New Orleans, for appellee.

BRUNOT, J. This is a suit for damages for the alleged slander of plaintiff by defendant or its agents. The sum prayed for is $50,-000. The answer denies every allegation of the petition upon which plaintiff's demand is predicated. After the testimony in the case was closed, but before judgment, defendant excepted to the further prosecution of the suit upon the ground that the pleadings and evidence disclosed that plaintiff had no cause or right of action. This exception was not directly disposed of by the district judge, but a judgment was rendered, on the merits, rejecting plaintiff's demand and dismissing his suit, with costs. A motion for a new trial was filed, heard, and overruled, and plaintiff appealed.

The petition contains 38 paragraphs, the greater portion of which is a biographical sketch of the early life, struggles, and ultimate achievements of the plaintiff as a servant and employee of defendant. These allegations may be entitled to weight in fixing the quantum of damages to be allowed in a proven case, but otherwise they address themselves only to the receptive attention of a sympathetic ear, and are of no value in determining the crucial question, whether or not the Hibernia Bank & Trust Company, or its agents, are legally chargeable with such tortious acts towards the plaintiff as to give rise, in his favor, to an action ex delicto against

said bank. This case must be decided upon the facts. There are about 100 pages of oral testimony in the record. We have read it carefully, and find that the learned district judge, in his reasons for judgment, has concisely but fully and accurately summarized the facts and concluded his reasons with an expression of views which are in harmony with the opinion in Gilliland v. Feibleman's, Inc., 161 La. 24, 108 So. 112. The judge says:

"The plaintiff has been in the service of the bank for a number of years, and had been advanced to a point where he was head teller in his department. In this employ it was his duty to receive funds from the branch banks of Hibernia throughout the city. In February of 1922, in that capacity, he received from one of the branch banks the sum of $17,250 and gave his receipt for the sum without counting each bill in the packages, turning them over to his assistant for verification by special count. This was the usual and approved method of making these settlements. Shortly after 2 o'clock of that evening, on counting, it was discovered that the packages or a package to the amount of $5,000 was missing. Subsequent search failed to disclose its whereabouts, or, if stolen, the thief, nor has it been found to this day. On this information, the president of the bank authorized one of the cashiers to employ the Pinkertons to make a search for the missing money, without specific instructions or charges against any of the parties who had handled the money. The Pinkertons, through their assistants, are adepts in this line of detective work, and are responsible, careful investigators, untainted, so far as the court knows, with the so-called third degree methods. They shadowed the plaintiff, called him down to the vaults of the bank without undue publicity, subjected him to examination as to his knowledge of the incident in their endeavor to trace the loss. This they did with many of the attachés of the bank. Their endeavors were unavailing. Plaintiff, however, makes most serious charges against the officers of the bank and the detectives employed. None are proven. In every instance his statements and charges are denied, and the denials are corroborated in almost every instance. I feel, therefore, that the plaintiff has failed to prove his case. Besides this, the bank certainly had the right to make the investigation, and use all fair means to ascertain the truth, even to the removal of all parties whose oversight or negligence resulted in the loss of so large a sum."

Finding, as we do, that plaintiff signally failed to prove his case, the district judge properly dismissed the suit. The plaintiff may be the victim of circumstances, and, if so, his conscious sense of "man's inhumanity to man" may torture his soul, but his failure to establish the facts, which it is essential that he should do, as a prerequisite to his right to recover, renders the courts powerless to grant him any relief.

The judgment appealed from is therefore affirmed at appellant's cost.