54 So.2d 425

**UNITED CREDIT CO., Inc. v. CROSWELL CO., Inc.**

**In re BATES.**

**No. 40072.**

June 29, 1951.

Rehearing Denied Oct. 2, 1951.

Ferdinand A. Cashio, C. P. Brocato, Shreveport, for third opponent-appellant.

Wilson, Abramson & Maroun, Shreveport, for respondents.

PONDER, Justice.

Certain movable effects of the defendant were sold under foreclosure proceedings to satisfy an indebtedness of $10,000.00, interest, attorneys' fees and cost, secured by a chattel mortgage. The property only brought $5,000.00, an amount less than the indebtedness. Prior to the sale, Miss Lucy L. Bates interposed a third opposition alleging that she had a privilege on the movable property for the amount of $631.72 due her as secretary of the defendant and that she should be paid this amount by preference. The plaintiff opposed the opposition alleging that the chattel mortgage was executed and recorded prior to the acquisition of the privilege of the secretary. On trial the lower court gave judgment dismissing the third opposition, which judgment was affirmed by the Court of Appeal, 47 So.2d 443. The third opponent has been granted a review.

The plaintiff's chattel mortgage was executed and recorded in June 1948. Miss Bates, the secretary, entered the employ of the defendant in February 1947 at a monthly wage of $180.00. In December 1948, her wages were reduced to $160.00 per month on account of the strained financial condition of the defendant. She continued her employment until May 15, 1949. At the time she left the defendant's employ there was due her $631.72, less $50.00 that she had received as a cash advance. The amount due her was $10.00 for the month of December, 1948 and the full wages for the period beginning January 1st and ending May 15, 1949. The Court of Appeal was of the opinion that the privilege attached only when the debt became due to the secretary and that the chattel mortgage, having been recorded prior to the time the debt became due, should be satisfied by preference.

Article 3182 of the Revised Civil Code provides: "Whoever has bound himself personally, is obligated to fulfill his engagements out of all his property, movable and immovable, present and future."

Article 3186, R.C.C., provides: "Privilege is a right, which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages."

Under the provisions of Article 3191, R.C.C. secretaries are accorded a privilege for their salaries on all the movables of their employer. Under the provisions of Article 3214, R.C.C., the privilege is limited to their salaries for the last year elapsed, and so much as has elapsed of the current year.

From the very nature of the employment of the secretary it could not be considered anything other than a continuous contract. She remained in the employ of the defendant some two years and it is apparent that the defendant did not intend to employ her for merely a month. The fact that she was to be paid on a

monthly basis does not alter the fact that she was employed for an indefinite period to be terminated at the will of the parties. Secretaries are usually employed in such a manner because, except in unusual cases, no one would employ a secretary for only a month. The privilege becomes effective at the time of the employment and continues throughout it to secure the payment of the wages, whether due or to become due, to the limited extent of the salary due for the previous year and the current year as set forth in Article 3214, R.C.C.

A vendor's lien on movable property attaches at the time of the sale to secure the payment of the purchase price to become due. The lessor's lien attaches the moment the contract is entered into. This court pointed out in the case of Youree v. Limerick, 157 La. 39, 101 So. 864, 865, 37 A.L.R. 394, that the lessor's lien is in no wise dependent upon the maturity of the rent and that "There is no more reason for holding that the lessor's lien only attaches when default occurs in the payment of the rent than there is for holding that the chattel mortgagee's lien only attaches when the mortgage debt becomes due." It is further stated: "As each month's rent was paid by the lessee, the debt, the primary obligation, was canceled pro tanto, and not the lien, which, as the court itself admits, was only the 'secondary or accessory obligation.' The lien still remained on all the property to secure the payment of the rent to become due under the lease contract." The reasoning in the

Youree case is equally applicable to this employment contract of the secretary. All of the aforementioned liens and privileges are based on contracts or obligations and no valid reason can be advanced why a different rule should apply to the contract entered into between the defendant and the secretary. The privilege granted a secretary is a greater right than that of a mortgage holder. We cannot believe that it was ever the intention of the lawmakers to grant this privilege with preference over mortgages and at the same time subordinate it to mortgages by making it effective only when the salary becomes due. To hold otherwise would render the privilege valueless and subordinate to mortgages in many instances.

It has been suggested that the change in the salary by reducing it from $180.00 to $160.00 per month constituted a new contract and that the mortgage having been effected prior to that time should be given preference. The suggestion is based on cases dealing with landlord and tenant to the effect that a change in the rent constitutes a new contract. The rights of landlord and tenant are governed by special articles of the Civil Code, Article 2668 et seq., which are not applicable to the rights of secretaries.

It has also been suggested that the articles of the Civil Code dealing with the letting out of services are applicable in this case. Upon examination of these articles of the code, we find nothing con-

trary to the views herein expressed. The fact that a person is hired at so much per month raises no presumption that the services are for any particular period. There being no definite or fixed period of employment the employment must be considered as being at the will of either party. Russell v. White Oil Corp., 162 La. 9, 10, 110 So. 70, 71. The court stated in the Russell case: "For there is no provision of law by which a contract for hire of services, if extended beyond the time first agreed upon, is renewed for another like term; * * *." This clearly shows that the articles of the code dealing with reconduction in leases of things do not apply to contracts to hire of services. Moreover, it would appear that the articles of the code dealing with the hire of services are not applicable to contracts which have no definite or fixed term of employment. But be that as it may, there is nothing in these articles of the code contrary to the views above stated.

The authorities cited by the respondent are not applicable. In the case of White Company v. Hammond Stage Lines, 180 La. 962, 158 So. 353, the employees claiming the privileges over the chattel mortgage do not appear to have been employed prior to the execution of the chattel mortgage. The question presented here was not raised therein. In the case of Bank of Commerce & Trust Co. v. Brown Cotton Oil Co., 173 La. 167, 136 So. 305, the employee was estopped from asserting his privilege over.

that of a pledgee because he had participated in confecting the pledge.

For the reasons assigned, the judgment of the district court and the judgment of the Court of Appeal are both reversed and set aside. The privilege of Miss Lucy L. Bates is hereby recognized as having priority over the chattel mortgage of the plaintiff. It is ordered that Miss Lucy L. Bates be paid in preference out of the proceeds of the sale of the movables the sum of $631.72, less a credit of $50.00. All costs to be paid by the plaintiff, respondent.

LE BLANC, J., absent and takes no part.

HAMITER, J., dissents from refusal to grant rehearing.