LOTTINGER, Judge.
This is a suit by petitioner, Burnon L. McDaniel to be reinstated in his job with the defendant, Union Tank Car Company. The suit is based on an alleged contract of employment. The Lower Court rendered judgment in favor of defendant and against petitioner, dismissing petitioner’s action.
There is very little dispute insofar as the facts of this case are concerned. The record discloses that for one year prior to February 1, 1960 the defendant and its employees were reciprocal parties to a collective bargaining agreement covering the hours, wages and working conditions of the production and maintenance employees of the defendant. This contract expired on February 1, 1960, but the ex *134 piration did not result in a strike or other work stoppage. The employees continued to work at the same rate of pay established by the contract and basically under the same terms and working conditions as provided therein.
During the latter part of April, 1960 the defendant company felt a need for a reduction of its work force because of a projected and anticipated want of business. In order to avoid a disruption of its negotiations for a new labor contract, defendant and the itnion agreed that defendant would accomplish the necessary reduction of work force in accordance with the terms and conditions of Article 7 of the expired labor contract. This is set forth in a letter written by the regional manager of the defendant company to the President and Secretary-Treasurer of the union. This letter also contains the following:
“I will, of course, be glad to discuss grievances resulting therefrom.”
Petitioner takes the position that this wording in the letter to the union had the effect of continuing the collective bargaining contract in full force and effect. It is under this contract that he seeks to be reinstated in his job with the defendant company.
■ The defendant, on the other hand, takes the position that the above quoted language in the letter to the union officials only sets forth a guidepost. This is shown by the testimony both of the union president and the plant manager. Mr. Emile Verbois, President of the union, testified “It was our understanding it would be used as a guidepost and we was told and warned that the company could use it, it would be in effect one day, tomorrow they could change it by posting a different article on the bulletin board; if we worked that day, we was in agreement with the company on that order.”
The present suit is actually a companion case to that of Baker v. Union Tank Car Company, La.App., 140 So.2d 397, which was recently decided by this Court. Both of these suits contained the same factual situation as well as the same question of law. In the Baker case, we stated as follows :
“There can be no question but that, as argued by learned counsel for defendant, the law of this state is well settled and firmly established to the effect that an employee under a contract of employment for an indefinite period is terminable at the will of either party and such employment may be terminated by the employer at any time without the necessity of assigning cause for the employee’s dismissal. In this connection, we note Article 2747 LSA-C.C., which provides as follows:
“ ‘Art. 2747. A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.’
“In conformity with the foregoing codal provision, the courts of this state have in numerous instances enunciated the principle that in those instances wherein the engagement of an employee is for an indefinite period, the contract is terminable at the option of either employer or employee and the services of such an employee may be discontinued by the employer at any time with or without cause. Phillips v. Mid-Continent Life Insurance Company, La.App., 130 So.2d 791; United Credit Co. v. Croswell Co., 219 La. 993, 54 So.2d 425; Harrosh v. Fife Bros. Health Ass’n., La.App., 1 So.2d 323; Pitcher v. United Oil & Gas Syndicate, 174 La. 66, 139 So. 760.
"The record in the instant case reflects that plaintiff, although an employee of many years service in the employ of defendant was, nevertheless, engaged on an indefinite basis at a fixed hourly rate of compensation. The evidence before us does not even re *135 motely suggest that plaintiff was employed under a special contract for a fixed period of time or to perform an agreed unit or amount of work. In other words, it is clearly established that plaintiff was not employed either for a specified interval or ‘by the job’. In view of the foregoing, therefore, it is clear that if the law of this state governing the relationship between employer and employee is applicable to the instant case free of any enlargement or extension thereof resulting from the expired union agreement relied upon by plaintiff herein, it necessarily follows that plaintiff was legally discharged by defendant and plaintiff, therefore, is neither entitled to the wages he seeks herein nor to reinstatement in the employment of defendant without the consent and agreement of the latter.” (Emphasis supplied.) Baker v. Union Tank Car Company, 140 So.2d 397.
In the present case the petitioner has failed to prove the existence of any contract of employment between himself and the defendant, and, following the reasoning as set forth in the Baker case we feel that the Lower Court was correct in dismissing petitioner’s suit.
For the foregoing reasons the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by petitioner.
Judgment affirmed.