DOMENGEAUX, Judge.
This tort case is before us on an appeal by Mrs. Ollie Brown who was one of the original plaintiffs in a joint petition filed by her and Elizabeth Davis in the District Court, and which resulted in an adverse judgment for both plaintiffs. Elizabeth Davis has not appealed that judgment.
Plaintiff appellant Mrs. Ollie Brown and Elizabeth Davis were guest passengers in a 1967 Dodge automobile owned and being driven by Elvina Davis which collided with á 1969 Oldsmobile which was being driven by defendant-appellee Edward Allen. The guest passengers, alleging negligence on the part of Allen and bodily injuries to themselves as a result of the accident, sued Allen, his employer Dover Corporation, Bradley Leasing, Inc. and Liberty Mutual Insurance Company, the latter two being the owner and liability insurer, respectively, of the Oldsmobile. Defendants answered, denying liability and alleging that the accident was caused by the sole and exclusive negligence of Elvina Davis. Alternatively, in the event that defendant Allen should be found negligent, they prayed for a credit of one-half of the amount of any award for which they should be cast, alleging that Elvina Davis was a joint tortfeasor and that plaintiff had previously settled her claim against her and her insurer for the sum of $7,500.00.
In substance the issue before us is whether defendant Allen failed to dim his lights, and if so, whether such failure was a proximate cause of the accident.
The record shows that the accident occurred on December 23, 1968 at approximately 6:45 o’clock P.M. during the hours of darkness on U. S. Highway 84 near-Jena, LaSalle Parish, Louisiana. The said highway is a two-lane, hard surface thoroughfare, running generally east and west at and near the site of the accident and the center thereof is marked by a broken white line. Near the site of the accident, the road traverses a concrete bridge which spans a small stream. The Davis vehicle in which Mrs. Ollie Brown and Elizabeth Davis were riding as guest passengers was proceeding on said highway in a westerly direction and the defendant Allen vehicle was traveling east. The accident occurred as the two vehicles were approaching each other, when the plaintiff vehicle crossed the dividing line into the path of the defendant vehicle, causing it to be struck in defendant’s east-bound lane.
Appellant contends that defendant Allen was proceeding with his bright lights on and failed to respond to the request of the driver of the Davis vehicle to dim his lights which caused the driver of the Davis vehicle to become blinded, resulting in her *613 losing- control and veering into the path of the defendant vehicle.
There is ample evidence in the record to affirm the trial court’s conclusion that defendant Allen was free of fault in this accident.
Elvina Davis testified at the trial which was held some two years after the accident that the Allen vehicle approached her with its bright lights on and failed to respond to her signal to dim its lights, however the record shows that immediately after the accident she told the investigating state trooper that as she was approaching the bridge she saw another car coming and at the same time she saw a reflector on the end of the bridge and that it scared her and she jerked the wheel. Nine days after the accident, she gave a statement to an investigator, which statement was introduced into evidence in which she stated:
“ * * * I was going down a slight hill and was meeting an approaching car. It had its lights on brights and I dimmed my lights and began to slow down. I don’t have any idea how fast the other car was coming. As I got closer to the other car I applied by brakes again to slow down. When I applied by brakes my car crossed the center line into the other lane. I don’t remember how much of my car crossed the center line. I think that my brakes grabbed when I applied them and this caused me to cross the center line * * * ”
On cross examination Elvina Davis, in response to questions concerning the aforementioned statement, testified as follows:
“Q. Now do you remember in that statement you didn’t make any indication that you were blinded by the lights, is that correct?
A. That’s right.
Q. And that is your testimony?
A. Yes sir.”
Elizabeth Davis testified that the Allen vehicle was approaching with its bright lights on, and on cross examination, stated:
“Q. Now you indicated that it was your opinion that Mr. Allen’s lights were on bright, did you know whether he had a dim, or did you see his dim and his brights, or how do you know it was on bright ?
A. Well, I seen four lights.
Q. You saw four lights?
A. Yes sir.
Q. And your car was going downhill and his car was still on the flat, level plain?
A. Yes sir.”
Appellant Mrs. Ollie Brown testified that the lights on the approaching defendant vehicle were on bright but additionally stated :
“ * * * I don’t know much about it, it was done so quick til I couldn’t hardly tell * * *
And on cross examination she responded as follows:
“Q. Mrs. Brown, do you recall telling Dr. Kingsley on December the 23rd, 1968 that the car you were riding in went out of control and went across the road near Jena?
A. Yes sir, it went across, but I don’t know what happened, just like I said, I don’t know.
Q. Do you remember telling him it went out of control and went across the road and that’s how the accident occurred?
A. That’s how I felt about it.”
Plaintiff appellant presented the testimony of Frank Davis and John Wayne Bailey, investigators for a motor club who were at the scene of the accident. They both testified, without objection, that there existed a hole or depression which was from three to six inches deep in the westbound lane of the highway, on which the Davis vehicle was traveling, precisely at the site of the accident, and their conclusion *614 was that it was probable that the Davis vehicle struck the hole and this caused it to enter the opposing lane of traffic.
The defendant Edward L. Allen testified that he was driving the Oldsmobile vehicle referred to herein in an easterly direction on the aforementioned highway with his wife seated in the front seat next to him. He stated that he was traveling at approximately 45 miles per hour when he first saw the approaching plaintiff vehicle at a distance of some 500 to 600 yards and that when the plaintiff vehicle was approximately 80 feet from him, it “ * * * just swerved into my lane of traffic.” He applied his brakes but was unable to avoid striking the Davis vehicle in his lane. He testified that he was almost positive that his headlights were on low beam and he denied that the oncoming vehicle had ever signaled to him for dims.
It was stipulated that Mrs. Allen, were she present in court, would testify the same as her husband in connection with the accident.
The facts in this case show uncon-trovertedly that the plaintiff vehicle being driven by Elvina Davis departed from her proper west-bound lane and crossed the painted dividing line of the highway into the east-bound lane in the path of the approaching defendant vehicle, causing the accident. It is equally uncontroverted that the defendant Allen was approaching from the west in his proper lane, within the established speed limit, when the plaintiff vehicle crossed over into his path. The only negligence that could conceivably be attributed to the defendant Allen was his alleged failure to dim his headlights as required by La.R.S. 32:322. Then, if such failure be proved, the question arises of whether it caused the driver of the plaintiff vehicle to become blinded resulting in her losing control of her vehicle.
The trial judge found the defendant Allen free of any fault in the premises. In coming to such a conclusion he obviously believed the defendant’s version of the accident and was not impressed with the general and contradictory statements of some of the plaintiff’s witnesses and particularly those of Elvina Davis. His conclusion, in effect, that the status of the defendant vehicle’s headlights was not responsible for the accident, cannot be said to be manifestly erroneous. And too, even assuming, argu-endo, that the defendant’s headlights were on bright beam, such a condition, in view of the evidence, was not a proximate cause of the accident.
Applicable here is the well recognized rule of appellate review that the conclusions of the trial court with regard to facts, particularly those involving credibility of witnesses, are entitled to great weight and will not be disturbed on appeal unless shown to be manifestly in error. We find no such error in this case.
In view of our conclusions herein, we need not discuss the other points raised by appellant. For the above and foregoing reasons, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.