274 So.2d 454 (1973)
Deryl D. ROUGEAU, Plaintiff-Appellant,
v.
FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellee.
No. 4105.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
*455 Ruevan Rougeau, Lake Charles, for plaintiff-appellant.
Stockwell, St. Dizier, Sievert & Viccellio by Fred H. Sievert, Jr., Lake Charles, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
*456 SAVOY, Judge.
Deryl D. Rougeau instituted this tort suit against his ex-employer, Firestone Tire and Rubber Company, seeking damages for defamation and false imprisonment. These actions are alleged to have occurred during the investigations by agents of defendant concerning missing property at defendant's Lake Charles plant. The trial judge denied recovery to plaintiff, and we affirm the judgment of the trial judge.
Plaintiff was employed as a guard-fireman at defendant's plant in Lake Charles. Two lawnmowers belonging to defendant were allegedly stolen during plaintiff's working shift. Local management enlisted the aid of E. E. Drummond, Corporate Security Manager of Firestone Tire and Rubber Company, to investigate the thefts. Drummond conducted his investigation by interviewing a total of 19 persons at the plant. At the end of each interview he would have the person interviewed sign a statement containing information obtained at the interview. A substantial number of these interviews revealed evidence to Drummond to implicate plaintiff as a direct or indirect participant in the thefts. Plaintiff, after his interview with Drummond, signed a statement denying taking the missing property. He also signed statements giving permission to have his home searched and to take a polygraph test. This permission was withdrawn by plaintiff, on advice of his attorney, before the search or polygraph test were conducted. The information gathered by Drummond and plaintiff's conduct led to his discharge from Firestone "for actions not in accord with the company's interest and his refusal to discuss with management personnel items related to his work."
Plaintiff exhausted two administrative forums as the result of his dismissal from Firestone. First, he filed a grievance alleging he was fired without just and good cause, a violation of the agreement between plaintiff's union and defendant. Formal arbitration of the grievance resulted in its denial. Second, plaintiff filed a charge with the National Labor Relations Board alleging defendant committed an unfair labor practice. The Regional Office of the National Labor Relations Board in New Orleans investigated and concluded that they did not have sufficient evidence for the Board to issue a complaint. This administrative decision was appealed by plaintiff to the General Council of the National Labor Relations Board in Washington, D. C. The General Council advised plaintiff that the appeal was denied. Failing to win a favorable administrative decision, plaintiff entered a judicial forum filing the instant suit, alleging as his causes of action defamation and false imprisonment.
We first review plaintiff's cause of action for defamation.
In his petition, plaintiff alleged defendant's officers, particularly Drummond, in the conduction of their investigation, conspired to discredit plaintiff by falsely representing him to union officials, co-employees and others as a liar, a thief and having participated in criminal conduct; that Drummond subjected plaintiff to coercive interrogation; that statements signed by plaintiff, consenting to a search of his home and the taking of a polygraph test were published by defendant and distributed to third persons; that during the interviews with co-employees of plaintiff, he was cast in the light of being a liar, a thief and a derelict; that defendant's agents orally described plaintiff as a liar, a thief, and a derelict to union officials, co-employees and others.
A trial was conducted, after which the trial judge arrived at the following facts: Drummond conducted the investigations in the office of Ben M. Trahan. Drummond interrogated all 19 plant guards individually, and at each interview only Drummond and the guard interviewed were present. There was no evidence to indicate that these interviews either could have been overheard or were overheard by persons outside the office. Two guards, Bush and *457 Golden, gave testimony that Drummond told them that "all of you are thieves and liars" with express reference to plaintiff. Drummond denied this testimony. All other witnesses said the investigation was orderly and courteous, and that no such accusations were made by Drummond about anyone. The trial judge accepted the testimony of Drummond over that of Bush and Golden because of their attitudes as witnesses, and a difference in their testimony at trial and statements signed earlier. There was no proof that any notoriety or publications were made by defendant concerning any of their investigations or information which was received as a result of the investigations.
We agree with the findings of fact of the trial judge. It is an established rule that findings of fact by the trial judge, particularly those involving the credibility of witnesses, are entitled to great weight on appeal, and that determination of fact made by the trial judge will not be disturbed unless found to be clearly erroneous. Brown v. Allen, 253 So.2d 611 (La.App. 3 Cir. 1971); Lewis v. Travelers Insurance Company, 247 So.2d 635 (La. App. 3 Cir. 1971), writ refused, 259 La. 70, 249 So.2d 207; Sas Jaworsky v. Padfield, 211 So.2d 122 (La.App. 3 Cir. 1968).
Defendant reasonably conducted an investigation into the suspected wrongdoings of its employees, which it had a right to do. Toomer v. Breaux, 146 So. 2d 723 (La.App. 3 Cir. 1962); Lancaster v. Hibernia Bank and Trust Co., 163 La. 821, 112 So. 798 (1927); Gilliland v. Feibleman's, Inc., 161 La. 24, 108 So. 112 (1926); Raggio v. Morgan's Louisiana and Texas R and S.S. Company, 148 La. 209, 86 So. 747 (1920). Plaintiff attempted to use the investigations and the information obtained from the investigations as the basis for his defamation suit. The elements of proof necessary to make defamatory words actionable are (1) publication, that is communication to some person other than the defamed; (2) falsity; (3) malice, actual or implied; and (4) resulting injury. Sas Jaworsky, supra. See Comment 28 La.Law Rev. 82 (1967) and cases collected therein. Plaintiff has failed to show that defendant has published any defamatory statement or words.[1] Having failed to prove any element necessary to show defamation, we affirm the trial judge's decision denying relief to plaintiff on the basis of defamation.
Plaintiff also sought damages for false imprisonment.[2] The facts revealed that Drummond and two employees of defendant and plaintiff went to his home to search for the missing property. Plaintiff, on advice of his attorney, refused to allow the search. Drummond, the employees of defendant, and plaintiff returned to the plant. Plaintiff was asked to wait in the guardhouse. Two guards were instructed to keep plaintiff in the guardhouse. However, both guards stated they did not consider plaintiff to be a prisoner. Plaintiff was allowed to leave when he fell ill. The total amount of time which plaintiff spent in the guardhouse did not exceed thirty minutes.
We agree with the trial judge that plaintiff was not falsely imprisoned. At no time was he totally restrained. Crossett v. Campbell, 122 La. 659, 48 So. 141 (1908). Additionally, plaintiff never revealed to anyone that he did not want to stay in the guardhouse, thus showing his implied consent to stay. Coates v. Schwegmann Bros. *458 Giant Super Markets, Inc., 152 So.2d 865 (La.App. 4 Cir. 1963); Banks v. Food Town, 98 So.2d 719 (La.App. 1 Cir. 1957).
Finding no culpability on the part of defendant for defaming or falsely imprisoning plaintiff, we find that defendant did not intentionally invade or interfere with property, property rights, or personal rights of plaintiff.
For the reasons assigned, the judgment of the district court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
Affirmed.
NOTES
[1] Plaintiff alleges the results of the investigation were shown to union officials. Even if defendant did publish written accusatory or did make oral accusatory statements involving plaintiff, they enjoyed an unqualified privilege which does not give rise to an action for damages. General Motors Corporation v. Mendicki, 10 Cir., 367 F.2d 66.
[2] Defendant filed an exception of prescription to this cause of action. The trial judge passed on the merits of the cause of action and did not rule on the exception. We recognize our right to pass on this exception in this Court. Since we, too, pass on the merits of the cause of action, we do not exercise our right to pass on the exception.