326 So.2d 613 (1976)
LAKE CHARLES DIESEL, INC., Plaintiff and Appellant,
v.
Roy GUTHRIDGE, Defendant and Appellee.
No. 5310.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
*615 Charley, Quienalty, Lake Charles, for plaintiff-appellant.
Camp, Carmouche, Palmer, Carwile & Barsh by Karl E. Boellert, Lake Charles, for defendant-appellee.
Before HOOD, GUIDRY and PETERS, JJ.
GUIDRY, Judge.
Plaintiff, lessee, sues for cancellation of a lease of commercial property and seeks damages for libel and slander allegedly resulting from a letter written by the defendant, lessor, to plaintiff and his subtenants. The defendant, lessor, answered and reconvened seeking acceleration of rental payments, interest on late rental payments, reimbursement for payments made on behalf of lessee for repairs and insurance premiums and attorneys' fees.
The district court rendered judgment dismissing plaintiff's demands for lease cancellation and damages and in favor of the defendant on the reconventional demand awarding him judgment for the amount of insurance premiums paid on behalf of lessee and attorneys' fees. All other demands of defendant, plaintiff in reconvention, were rejected. The plaintiff has appealed. The defendant has neither appealed nor filed answer to plaintiff's appeal.
The commercial lease, subject of this litigation, is dated June 8, 1966 and provides for a primary term of ten (10) years. Lake Charles Diesel Sales, Inc. was the original lessee, however, its rights and obligations under the lease contract were assumed by plaintiff, Lake Charles Diesel, Inc. as per act of sale and assumption dated June 2, 1969. The original lease agreement was amended on December 12, 1969 to take into account additional improvements which the defendant was to make on the premises at the request of plaintiff. The expenditure for the new improvements amounted to approximately $58,000.00 and were completed during April of 1970. As a result of this amendment the lease term was extended for a period of ten (10) years from April 1, 1970; the lessee obligated itself to maintain insurance coverage on the improvements and additions to be constructed on the premises; and, the rental payments were changed so as to provide for rental payment of $960.00 per month. The renegotiated monthly rental included the amount due by lessee for insurance premiums, it having been agreed by the parties that lessor would pay the insurance premiums and be reimbursed therefor each month.
Originally the leased premises were used by Lake Charles Diesel, Inc. as its place of business, but in the course of time plaintiff outgrew the facilities and it became necessary for plaintiff to find other property wherein to locate its operation. Obtaining permission of the lessor Lake Charles Diesel, Inc. sub-leased the premises to Loomis Hydraulic Testing Company, Inc., Astro Clean Products, Inc. and Schlumberger Well Services, Inc., said subleases dated June 1, 1973, July 1, 1973 and February 1, 1974, respectively.
Subsequent to occupancy of the leased premises by the sub-tenants the premium for insurance on the leased premises was increased. This increase in premium presumably resulted by reason of multiple occupancy of the buildings insured and as a result of the storage by one of the subtenants of combustible materials on the premises. Defendant made demand upon plaintiff for the increased insurance premium which amount to $238.00. Plaintiff refused to reimburse defendant for the amount of this increase whereupon defendant wrote plaintiff a letter demanding payment in the amount of $238.00 and also demanding payment for interest on late rental payments and repairs. In this letter, hereafter quoted in full, defendant indicated that in default of his receiving the payments requested he reserved the right to seek legal redress including possible cancellation of the lease.
*616 A copy of this letter was sent by defendant to the sub-tenants. Subsequent to receipt by plaintiff of the letter referred to Lake Charles Diesel, Inc. filed this suit for cancellation of the lease and damages for libel and slander.
The letter referred to above serves as the sole basis for plaintiff's claim for lease cancellation and for damages for libel and slander. This letter dated January 31, 1975 reads as follows:
"Lake Charles Diesel, Inc.
Gentlemen:
In view of your failure to pay the increased insurance costs of $238.00, caused by your change in occupancy in my buildings, I now call upon you to comply with paragraph 6 of the amended Lease of December 12, 1969. I again call upon you to reimburse me for the additional cost of insurance resulting from your multiple tenants and changes in the contents of the buildings as called for in the last paragraph of the lease of May 1, 1966.
You have charged me with $603.88 to bring the building up to code. The leases say that you can make no changes or additions unless approved by me. I disapprove your changes or additions which you claim were necessary to bring the building to code, and ask you to pay to me $603.88.
I want you to know that I reserve all of my rights to claim these monies in the future or to cancel the lease, and I may take either action whenever it suits me.
You also continue to violate other conditions of the lease, and fail to pay your rental as required.
I am sending a copy of this letter to your tenants in order that they will know their leases from you might be in jeopardy from your failure to comply with the basic leases from me. I feel free to attach your lessees properties under my lessor's lien, and will not hesitate to do so if I conclude it is necessary.
 Yours very truly,
 /s/ Roy H. Guthridge
 ROY H. GUTHRIDGE
RHG:dl
cc: Loomis Hydraulic Testing Co., Inc.
 Astro Clean Products, Inc.
 Schlumberger Well Services"
Plaintiff contends that this letter disturbed it in the peaceable possession of the leased premises and therefore constitutes a constructive eviction warranting lease cancellation. In addition, plaintiff asserts that the above letter is libelous and slanderous and calls for the assessment of damages.
The trial judge did not consider the letter to constitute a constructive eviction of plaintiff from the leased premises nor did he consider it to be libelous or slanderous. We agree.
The record reflects that a disagreement arose between plaintiff and defendant who were then engaged in a business relationship. Apparently verbal communication had broken down and defendant wrote the letter above quoted setting forth his contentions in regard to the matters in dispute advising that in default of plaintiff's complying with his demands that legal redress might be sought. The record contains no evidence which would indicate that defendant was in bad faith. Quite to the contrary, it appears that the defendant felt that his demands were reasonable and justified under the provisions of the lease contract. While the letter might be considered somewhat curt it in essence simply advises plaintiff of defendant's demand and indicates that legal action may be taken if such demands are not complied with. Everyone is entitled to seek and pursue remedies provided by law and an announcement to this effect by a lessor *617 to a lessee in writing or otherwise cannot and should not be considered as constituting a constructive eviction. This is not to say that persistent and unwarranted demands verbally or in writing by a lessor to his lessee and/or sub-lessees may never constitute the basis for constructive eviction. Rather, we simply hold that under the facts of this case, the record being void of any showing that defendant took any other action which would have disturbed the lessee's or sub-lessees' possession or that he otherwise failed in his duty as a lessor, there was no constructive eviction of the lessee or sublessees.
Appellant suggests in brief that as a result of the aforesaid letter the subtenants considered their sub-leases to be in jeopardy and that this constituted a breach of the landlord's duty to maintain the plaintiff and its sub-tenants in peaceable possession. There is no evidence in the record which would indicate that plaintiff's sublessees ever complained to either plaintiff or defendant or that they felt threatened or inconvenienced as a result of their having received a copy of the letter. Further, none of the sub-lessees who were in possession of the leased premises were called as witnesses. This failure to call the sublessees as witnesses creates a presumption that such evidence would have been unfavorable to the plaintiff's case. Marion v. New Orleans Public Service, 306 So.2d 758 (La.App. 4th Cir. 1974). Wolfe v. Employers Commercial Union Insurance Company, 272 So.2d 714 (La.App. 3d Cir. 1973).
Suffice it to say that there is no evidence whatever to support plaintiff-appellant's claim of constructive eviction.
Plaintiff-appellant's claim for damages for libel and slander is equally without merit. As before stated the letter is simply not libelous or slanderous. The elements of proof necessary to make defamatory words actionable are (1) publication, that is communication to some person other than the defamed; (2) falsity; (3) malice, actual or implied; and (4) resulting injury. Rougeau v. Firestone Tire and Rubber Company, 274 So.2d 454 (La.App. 3d Cir. 1973).
The trial judge found, and we agree, that at least the last two elements of proof necessary to make defamatory words actionable are missing in this case. The letter was not written in bad faith, and there is no showing that defendant acted with any malice toward plaintiff in writing that letter. At least some of the demands in the letter were warranted. There also is no showing that the letter adversely affected the relationship between the plaintiff-lessee and its sub-lessees, or that plaintiff suffered any embarrassment or damage as a result of the letter.
Finally, with regard to defendant's demands in reconvention the trial judge awarded the increase in premiums to the defendant-appellee reasoning that under paragraph 6 of the amended lease the lessee was responsible for such costs. Paragraph 6 of the amended lease provides that:
"Lessee shall maintain . . . . such insurance coverage on the improvements and additions to be constructed under the terms of this amended contract. The amount of said coverage shall be the full insurable value of the improvements."
Clearly under this provision of the amended lease Lake Charles Diesel, Inc. was obligated to carry insurance on the building and the improvements to be constructed on the leased premises. There being no evidence that the increase was unjustified the trial judge found Lake Charles Diesel, Inc. libel under the terms of the lease for the additional insurance cost. With this we agree. In addition court awarded to defendant and plaintiff in reconvention attorneys' fees in the amount of $1,000.00. We find this award to be reasonable and justified in that the lease agreement provides that the lessor will be allowed reasonable *618 attorneys' fees should he file suit upon any condition of the lease and recover judgment.
For the reasons assigned the judgment of the district court is affirmed. All costs of this appeal are to be paid by the plaintiff-appellant, Lake Charles Diesel, Inc.
Affirmed.