357 So.2d 841 (1978)
Ernestine PERRILLOUX
v.
Rose Ann Cook, wife of Arizona BATISTE.
No. 8894.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
*842 Kliebert & Landry, Gramercy, Michael K. Heltz, Baton Rouge, for plaintiff-appellant.
Donald J. Cicet, Reserve, for defendant-appellee.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
GARSAUD, Judge.
This is an appeal from the dismissal of plaintiff Ernestine Perrilloux's suit by the maintenance of an exception of no cause of action in the trial court. Defendant Cook had filed exceptions of no cause of action and no right of action in this matter. The trial court held that plaintiff's petition disclosed no cause of action for which relief can be granted, and that the plaintiff's petition did not conform with the requirements of Article 891 of the Code of Civil Procedure. This latter reason was not asserted by the defendant at the trial court level. The exception of no cause of action was maintained, thus no ruling was necessary on the exception of no right of action.
This suit for defamation was brought by plaintiff-appellant against defendant for a remark made by the defendant on the witness stand in the courtroom of the Honorable C. William Bradley, 29th Judicial District Court. Defendant Rose Ann Cook was apparently a criminal defendant in Judge Bradley's court. Plaintiff Perrilloux was present in the courtroom at the time that the defendant was testifying. According to plaintiff's allegations, while on the witness stand defendant looked straight at petitioner and said, "Your Honorthat whoreI caught her in bed with my husband." As a result, plaintiff has filed suit seeking $30,000 in damages on behalf of herself and members of her family for embarrassment arising out of the alleged malicious slandering of plaintiff in the presence of her friends, relatives, and others. Subsequently, plaintiff amended her petition to allege that the defamatory statements were made with knowledge of their falsity and/or with reckless disregard for the truth, and asked an additional $30,000 for punitive damages.
With regard to defendant's exception of no right of action, which was based on plaintiff's claimed damages on behalf of members of her family for their alleged embarrassment, the trial court did not reach the issue, as his maintaining the exception of no cause of action made the question moot. It is sufficient here to say that plaintiff is not entitled to sue for damages for embarrassment to other members of her family unless she is suing in a representative capacity on their behalf. Such representative capacity was not alleged.
The sole issue, therefore, on this appeal is whether the trial court erred in maintaining the exception of no cause of action.
Since, for purposes of an exception of no cause of action, all allegations contained in the plaintiff's petition must be accepted as true, plaintiff's petition does establish the essential elements of defamation sufficiently to state a cause of action. These essential elements are (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) injury. Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir. 1975). Perhaps the trial judge felt *843 that as there was no certainty with respect to the person defamed in that the defendant did not use any name, it was sufficient to defeat the cause of action. It is our view that the petition sufficiently suggests the individual about whom the allegedly defamatory remarks were addressed when it states, ". . . while looking straight at petitioner." Whether the defendant was in fact specifically referring to plaintiff is a question which must be examined and determined at a trial on the merits. For example, the question of whether some or all of the other persons in the courtroom understood that the remarks were being directed to the plaintiff may establish that the remarks were made specifically about her. Further, as one of a small group of women in the courtroom that day, to which by definition the defamation was addressed, the plaintiff has by her allegation at least established a cause of action.
With respect to the trial court's reference regarding the plaintiff's failure to comply with the requirements of C.C.P. Art. 891, the trial court gives no reason in explanation of the failure to comply with the article. Whatever the deficiency would be, it would seem that such deficiency could be cured by an amendment, and such amendment should have been ordered. C.C.P. Art. 934.
Accordingly, for the reasons stated, we reverse the trial court's maintenance of the exception of no cause of action, and remand for a trial on the merits consistent with this opinion.
REVERSED AND REMANDED.