393 So.2d 243 (1980)
John H. JACKSON
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 13648.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
*244 Michael R. Connelly, Baton Rouge, for plaintiff-appellant, John H. Jackson.
Robert L. Hammonds, Baton Rouge, for defendant-appellee, E.B.R.P. School Bd.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
Appellant John H. Jackson appeals in this suit for back wages which was dismissed when the trial court sustained the appellee's objection of no cause of action. Because we agree with the trial court that the law affords no remedy to appellant under the allegations of his petition, we affirm.
Appellant was employed as a janitor by the East Baton Rouge Parish School Board. His petition alleges he was dismissed without cause on May 3, 1978. He appealed his discharge to the Director of Maintenance as provided in the grievance procedure of the School Board. After a hearing on the matter the Director recommended appellant be reinstated with full seniority; the Director made no provision for back wages.
Appellant filed suit, claiming he was owed $2,693.68 in back wages plus penalties as provided by La.R.S. 23:632. After the court determined that La.R.S. 23:632 did not apply to the state and its agencies, the appellant amended his petition to claim penalties under 29 U.S.C. § 216.
Appellant contends the dismissal was improper because the peremptory exception was based upon the objection that he had no cause of action for his wrongful discharge. Although his petition specifically speaks of being "discharged without just cause" and of his "unjust termination," appellant insists he is not litigating the issue of his wrongful discharge. He points out he has already been reinstated and is simply asserting his rights to collect his back wages. While it may be true that appellant did not file suit in order to litigate the issue of the wrongfulness of his discharge, for reasons discussed below, his claim for back wages is necessarily predicated upon proving that the discharge was unjust.
The liability of an employer who dismisses an employee without just cause is set forth in La.Civ.Code art. 2749.
"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived."
The article clearly states that only those employees who have been hired for a definite time period are entitled to their back *245 wages. To the contrary, employees hired without a fixed term are subject to dismissal by their employer at any time, for any reason, and the employer does not incur liability for the discharge. Jackson v. East Baton Rouge Parish Indigent Defender's Board, 353 So.2d 344 (La.App. 1st Cir. 1977), writ denied 1978; Copeland v. Gordon Jewelry Corp., 288 So.2d 404 (La.App. 4th Cir. 1974), writ denied 1974. Therefore, there is no "wrongful discharge" when an employee hired without a fixed term is fired. Without a wrongful discharge there can be no claim for past wages. For this reason it is entirely appropriate that appellee's peremptory exception was addressed to the issue of appellant's wrongful discharge vel non.
The source of this principle is La.Civ.Code art. 2747 which reads as follows:
"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
This article has been interpreted by the courts as dealing with employer-employee relationships. United Credit Co. v. Croswell Co., 219 La. 993, 54 So.2d 425 (1951); Manning v. Shreveport Transit Co., 130 So.2d 497 (La.App. 2d Cir. 1961).
The peremptory exception raising the objection of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La. App. 1st Cir. 1977). Because of La.Civ.Code art. 2747 and the applicable jurisprudence, there is no cause of action for a wrongful discharge nor for a claim of back wages unless the petition clearly states that the plaintiff was hired for a fixed period of time and was then discharged without just cause. Appellant's petition simply alleges that he was "unjustly fired." This statement is a mere conclusion and appellant gives no other facts to substantiate that the firing was indeed unjust. Clearly, appellant's petition does not contain enough information to show that he is entitled to any remedy under the law.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.