451 So.2d 3 (1984)
Brenda HOOVER
v.
LIVINGSTON BANK.
No. 83 CW 1086.
Court of Appeal of Louisiana, First Circuit.
February 6, 1984.
Rehearing Denied June 1, 1984.
*4 Byard Edwards, Jr., Ponchatoula, for plaintiff-respondent.
Murphy J. Foster III, Breazeale, Sachse & Wilson, Baton Rouge, for defendant-relator.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
On September 29, 1983, this court issued alternative writs of mandamus and certiorari to the trial judge directing him to grant the motion for summary judgment or to show cause in this court why the writ should not be granted. The alternative having been selected, the case is now before us for decision.[1]

FACTS
On Tuesday, June 1, 1982, plaintiff was a part-time hourly employee working as a bank teller for Livingston Bank. Upon balancing her drawer at the close of business, plaintiff discovered a shortage of approximately $2,000.00. The shortage was then reported to the officers of the bank, who began an investigation into the discrepancy.
Plaintiff continued to work for defendant until Friday, June 4, 1983, when she was suspended from her job pending a full investigation.
Plaintiff was requested to take a polygraph examination as part of the investigation. Although plaintiff missed the original scheduled date for the exam due to illness, she subsequently took the polygraph test on Wednesday, June 9, 1983. The results of the exam indicated that her responses to questions concerning the missing funds were untrue.
As a result of the investigation conducted by the bank, plaintiff was not reinstated.
Plaintiff subsequently filed a suit for damages against Livingston Bank alleging wrongful discharge and defamation. Livingston Bank moved for summary judgment, which was denied by the trial court.
Livingston Bank then applied for supervisory writs to this court, raising the following issues:
(1) Whether an employer is free to discharge or suspend an employee who is employed on a part-time basis for an indefinite duration, and
(2) Whether an action for defamation can lie when there have been no defamatory words.

WRONGFUL DISCHARGE
This court set forth the applicable law in Jackson v. East Baton Rouge Parish School Bd., 393 So.2d 243 (La.App. 1st Cir.1980) as follows at p. 244:
"The liability of an employer who dismisses an employee without just cause is set forth in La.Civ. Code art. 2749.
`If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.'
The article clearly states that only those employees who have been hired for a definite time period are entitled to their back wages. To the contrary, employees *5 hired without a fixed term are subject to dismissal by their employer at any time, for any reason, and the employer does not incur liability for the discharge. Jackson v. East Baton Rouge Parish Indigent Defender's Board, 353 So.2d 344 (La.App. 1st Cir.1977), writ denied 1978; Copeland v. Gordon Jewelry Corp., 288 So.2d 404 (La.App. 4th Cir. 1974), writ denied 1974. Therefore, there is no `wrongful discharge' when an employee hired without a fixed term is fired. Without a wrongful discharge there can be no claim for past wages....
The source of this principle is La.Civ. Code art. 2747 which reads as follows:
`A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.'
This article has been interpreted by the courts as dealing with employer-employee relationships. United Credit Co. v. Croswell Co., 219 La. 993, 54 So.2d 425 (1951); Manning v. Shreveport Transit Co., 130 So.2d 497 (La.App. 2d Cir. 1961)."
Because of LSA-C.C. art. 2747 and the jurisprudence, an employee who is not hired for a fixed term may be terminated without cause at any time and an employee so hired has no action against his employer for wrongful discharge.
Plaintiff did not have an employment contract with defendant, nor was she employed for a definite period of time. Therefore, defendant was free to discharge her at any time without cause.
This argument lacks merit.

DEFAMATION
To maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. HMC Management v. New Orleans Basketball Club, 375 So.2d 700 (La.App. 4th Cir.1979), writs denied, 378 So.2d 1384, 379 So.2d 11 (La.1980); Trahan v. Ritterman, 368 So.2d 181 (La. App. 1st Cir.1979); Lees v. Smith, 363 So.2d 974 (La.App.3d Cir.1978); Perrilloux v. Batiste, 357 So.2d 841 (La.App. 4th Cir. 1978); Harper v. Jeans, 353 So.2d 1093 (La.App. 2d Cir.1977), writ denied, 355 So.2d 264 (La.1978); Ward v. Sears, Roebuck & Co., 339 So.2d 1255 (La.App. 1st Cir.1976); Lake Charles Diesel, Inc. v. Guthridge, 326 So.2d 613 (La.App. 3d Cir. 1976); Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir.1975); Rougeau v. Firestone Tire & Rubber Company, 274 So.2d 454 (La.App. 3d Cir. 1973).
Words which impute a crime to another, however, are defamatory per se. Trahan v. Ritterman, supra; Becnel v. Boudreaux, 340 So.2d 687 (La.App. 4th Cir. 1976), writ denied, 342 So.2d 671 (La.1977).
Plaintiff admitted that no one at the bank accused her of theft and that she has no knowledge that anyone at the bank had even said such to others. She simply feels the bank "defamed" her by suspending her without giving her a chance to prove herself. Additionally, plaintiff has applied for only one job (with another bank) since her termination by defendant. Plaintiff told the other bank about the incident with defendant and was not hired because of it.
We find no factual basis from which to conclude that defendant's personnel used defamatory language. Nor do we find that the investigation into the location of the missing money constituted publication. The only publication is by plaintiff who discussed the incident with third parties when she applied for a job at another bank. Furthermore, the record discloses a sufficient basis to justify defendant's good faith and lack of malice in initiating an investigation regarding plaintiff's involvement in the incident.
This argument lacks merit.

DECREE
Since we find no dispute as to material facts, and since we are of the opinion that Livingston Bank is entitled to judgment as *6 a matter of law, the ruling of the trial court must be reversed.
Accordingly, the writ of certiorari issued herein is made peremptory, and there will be judgment in favor of Livingston Bank and against plaintiff, dismissing plaintiff's suit at plaintiff's costs.
REVERSED AND RENDERED.
NOTES
[1] Plaintiff's attorney filed a brief in opposition to the application for writs.