467 So.2d 1297 (1985)
William R. BRADFORD, et al.
v.
Stephen B. MURRAY, et al.
No. CA-2710.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Writ Denied May 31, 1985.
*1298 Paul B. Deal, Randall A. Fish, Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, New Orleans, for defendants-appellees.
Michael F. Little, Gwendolyn S. Hebert, New Orleans, for plaintiffs-appellants.
Before KLEES, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Plaintiffs, William R. Bradford, Monica T. Surprenant and Michael F. Little, have appealed from a lower court judgment dismissing their libel suit against Stephen B. Murray and John J. Gillon, Jr. on an exception of no right of action, and no cause of action.
Surprenant and Little are the attorneys for Bradford in a related succession proceeding. They claim that they were defamed by certain pleadings filed by Murray and Gillon who represent an adverse party in those succession proceedings. The basis of their defamation suit is a pleading styled "Petition for Abuse of Process" filed by Murray and Gillon on behalf of their client. This pleading was filed in response to a pleading that was previously filed by Little *1299 and Surprenant on behalf of their client, Bradford.
The pertinent allegations of the instant defamation suit are as follows:

III.
"That your petitioner Bradford is the duly appointed and qualified executor of the Succession of Mary Bradford Davis, Docket No. 81-9097 of this Court, and that your petitioners Surprenant and Little are his attorneys of record in this matter, your petitioner Little having been named as attorney for the executor of Mary Bradford Davis in her last will and testament."
IV.
"That defendants are the counsel of record herein for the late E. Allen Davis, the surviving spouse of the late Mary Bradford Davis."
V.
"That defendants prepared and filed on behalf of the late E. Allen Davis pleadings entitled, "Petition for Abuse of Process" and "Application for Temporary Restraining Order Preliminary Injunction or Permanent Injunction", in proceedings No. 81-9097 wherein defendants made certain allegations concerning representations made by your petitioner Bradford to this Court both in those pleadings and which were affirmed by defendant Gillon to the Court in oral statements."
VI.
"That defendants knew or should have known at the time of making the allegations on behalf of E. Allen Davis, that all contacts with this Court on behalf of petitioner Bradford were made by his counsel of record, namely, your petitioners Surprenant and Little, and accordingly, the allegations set forth in the above described pleadings filed in this Court in fact constituted allegations directed toward your petitioners Surprenant and Little as well as your petitioner Bradford."
VII.
"That defendant allege in the above described pleadings that certain allegations and representations made by petitioners to the Court were `false, untrue and without merit', and furthermore, upon information and belief therein, either defendant Murray or defendant Gillon made affirmative representations to the Honorable Revius O. Ortigue, Judge of Division "H" of this Court, which caused Judge Ortigue to say to your petitioner Little that if such allegations were true, that petitioner Little would be in trouble with the Bar Association."
IX.
"That in making the above set forth misstatements of fact and/or misrepresentations, defendants were negligent and failed to adequately investigate the matter and determine the truth of what had occurred prior to defaming your petitioners.
That as a result of the above, each of your petitioners has suffered a loss of reputation equal to the amount of Fifth Thousand and no/100 Dollars ($50,000.00) each."
For the purpose of considering an exception of no cause of action, we are to consider only the allegations of the petition. Assuming every fact pleaded therein to be true, the question to be determined is whether or not a cause of action is stated.
To maintain a cause of action for defamation, a plaintiff must show (1) defamatory words, (2) publication, (3) falsity, (4) malice, (5) resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196 (La.1980). The threshold issue in any libel action is whether or not the statements made are defamatory or libelous. Brown v. News-World Publishing Corp., 245 So.2d 430 (La.App. 2nd Cir. 1971).
*1300 A statement will be considered defamatory if
"... it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive him of the benefits of public confidence or injure him in his occupation; and includes almost any language which upon its face has a natural tendency to injure the person's reputation, either generally or with respect to his occupation. The intent and meaning of an alleged defamatory statement must be gathered not only from the words singled out as libelous but from the context as well, and the true meaning must be ascertained from a consideration of all parts of the statement as well as the circumstances of its publication. The test is the effect the article is fairly calculated to produce and the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate." Id. at 432.

See also, Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958).
With respect to alleged defamatory words contained in pleadings in a judicial controversy, in Mitchell v. Truck Service, Inc., 286 So.2d 112 (La.App. 4th Cir.1973) we expressed why a court must be hesitant in finding such words to constitute a basis for a defamation action. In that case, plaintiffs brought a liable action based on statements made in a letter from one attorney to another attorney, and in a trial memoranda. In affirming the trial court's dismissal on an exception of no cause of action, we stated:
"Our adversary system frequently requires that strong positions be taken by litigants and their attorneys in the advancement of their causes. There is no end to cases in which one side claims that the other's witnesses are not telling the truth, that they weren't even present at times and under circumstances when they have sworn to have been so, that vehicles which are sworn to have been present are nothing more than phantom vehicles, that straw men are raised by opponents in argument, that facts sworn to never have occured and that claims are frivolous or groundless or even figments of the other party's imagination. In contested cases, it is not at all unusual for the attorney for a litigant to argue in strong language to courts that such weaknesses exist in the opponent's case and such language is not defamation." Id. at 115.

After a careful review of the pleadings filed herein we must agree with the trial court that it fails to state a cause of action for defamation.
Plaintiffs argue that, in the alternative, they should be given the opportunity to amend their petition. Article 934 of Code of Civil Procedure provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the Court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action shall be dismissed."
We have reviewed the "Petition for Abuse of Process" that was filed in the succession proceedings, and which formed a partial basis for this defamation suit, and conclude that there is nothing contained therein which could be pleaded in a subsequent amendment that would constitute a cause of action. However, plaintiffs also alleged in paragraph VII of their petition that:
"... either defendant Murray or defendant Gillon made affirmative representations to the Honorable Revius O. Ortigue, Judge of Division "H" of this Court, which caused Judge Ortigue to say to your petitioner Little that if such allegations were true, that petitioner Little would be in trouble with the Bar Association."
Although we have concluded that the above recitation does not state a cause of action in defamation, there is a possibility that it may be cured by an amendment.
*1301 Since we have maintained the exception of no cause of action, we do not feel it necessary to decide the issue as to whether plaintiffs, Surprenant and Little, as attorneys have a right of action because the "Petition for Abuse of Process" was directed at their client, Bradford. A subsequent amendment may avoid the necessity of our determining that issue.
Accordingly the judgment of the lower court is affirmed in so far as it maintains the exception of no cause of action. The matter, however, is remanded to the trial court for amendment to the pleadings consistent with this opinion. The trial court is directed to set a time limit for such amendment in accordance with Article 934 of the Code of Civil Procedure.
REMANDED.