WILLIAMS, Judge.
This is an appeal by plaintiff Salvador B. Kendall from a verdict of the trial court in favor of defendants WDSU-TV, WVUE-TV, their parent corporations and insurers.
Plaintiff Kendall sued WDSU claiming that he had been damaged by an allegedly defamatory story run on the evening news. He also sued WVUE and a cameraman then in its employ alleging that he had received injuries as a result of being struck by a camera. After a trial on the merits, wherein plaintiff represented himself, the court ruled in favor of all defendants. It is from this decision that plaintiff now appeals.
WDSU and WVUE interviewed plaintiff as a result of investigations into the plight of Charlie Stevens, a welfare recipient who had apparently been abandoned by his “legal representative,” plaintiff Kendall. Because plaintiff’s claims against defendants arise from different causes of action, we will address each separately.
WVUE
Plaintiff alleged that a cameraman employed by WVUE struck him with a camera while shooting file for a story being reported by Ann LeBlanc.
Kendall’s narrative at trial of the incident is rather rambling. He introduced receipts from Charity Hospital indicating that he had received some form of treatment on January 12, 1980. Ann LeBlanc testified, however, that at no time did the *1285 cameraman (who was unavailable to testify at trial) hit plaintiff, nor did plaintiff fall to the ground. She also testified that at one time during the course of the interview, plaintiff pushed the cameraman. Footage of the interview was reviewed by the trial court. Ms. LeBlanc testified that the film had been cut and edited for broadcasting, but stated that no footage that might contain plaintiff being struck had been cut. At a later date, Margaret Brewer, film coordinator for WVUE testified in response to the judge’s wish to see all available footage of the incident. Brewer was in charge of the video tape library at the television station and said that she had exhausted all means to find any additional footage and had concluded that none existed.
After reviewing the evidence presented to the judge below, we cannot conclude that the court erred in ruling in favor of defendants. Clearly this was a question of credibility, and the trial court found those witnesses for defendant to be more believable than plaintiff. We cannot say that the trial court’s conclusion was manifestly erroneous. Canter v. Koehring, 283 So.2d 716 (La.1978).
WDSU
Plaintiff alleges that WDSU defamed him by broadcasting a story identifying him as Charlie Stevens’s “legal representative” who had abandoned him.
In order to prove defamation, a plaintiff must prove each of the following elements: (1) use of defamatory words; (2) publication; (3) falsity of the statement; (4) actual or implied malice; and (5) damages. Cangelosi v. Schwegmann Brothers Giant Supermarkets, 390 So.2d 196 (La.1980); Bradford v. Murray, 467 So.2d 1297 (La.App. 4th Cir.1985). We agree with the trial court that plaintiff failed to carry his burden of proof.
WDSU broadcast a series of three stories about Charlie Stevens. During the first two stories, plaintiff was not identified. Rather, the stories focused on Charlie Stevens and his family’s failure to take care of him. After these two stories had been aired, plaintiff contacted Elizabeth Curran, the reporter, and identified himself as Stevens’s legal representative. He admitted that he had changed apartments without taking Charlie Stevens with him. Jack Modinger who had originally contacted WDSU about Stevens testified that he (Stevens) had been locked out of the old apartment for a long period of time.
We cannot find manifest error in the trial court’s ruling that the plaintiff failed to carry his burden of proving this story defamed him. See Brown v. News-World Publishing Corp., 245 So.2d 430 (La.App.2d Cir.1971). Furthermore, there is little if anything in the record to show that the stories were false or that they were broadcast with malice either actual or implied.
For the reasons set forth above the judgment of the district court is affirmed. Appellant shall pay all costs.
AFFIRMED.