521 So.2d 481 (1988)
Brigette K. BALLARON, et al.
v.
EQUITABLE SHIPYARDS, INC., et al.
No. CA-8023.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Writ Denied April 4, 1988.
Louis L. Robein, Jr., Gardner, Robein & Healey, Metairie, for appellants.
Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Robert E. Barkley, Jr., Francis R. White, III, Michael Meunier, New Orleans, for defendant-appellee Equitable Shipyards, Inc.
John B. Waldrip, Partee, Waldrip, Mott, Tynan and Evans, New Orleans, for appellee Enquire, Inc.
*482 Before SCHOTT, BARRY and BYRNES, JJ.
BYRNES, Judge.
On appeal, plaintiffs-appellants, Brigette Ballaron and Jules Theobold, assert that the trial court erred in dismissing their lawsuit against their employer, Equitable Shipyards, Inc. (Equitable) and Enquire, Inc. (Enquire), a polygraph service by summary judgments. We affirm.

FACTS
In April 1983, Equitable was informed that company funds had possibly been embezzled by a former employee, Linda Callais. This prompted an internal investigation which ultimately led to the arrest of Callais. As part of this investigation, Ballaron, an accounts payable supervisor, and Theobold, chief accountant, were asked to submit to polygraph examinations administered by Enquire. Both consented to taking the polygraph tests, but objected to signing the following consent form, which was required by Enquire before conducting the polygraph examination.
I, do hereby, voluntarily and without duress, agree to the examination of myself by the polygraph technique. I understand the reason why I am taking the test(s) and agree to hold harmless, Enquire, the examiner giving the test and any and all agents of Enquire or the examiner. I agree to the release of any and/or all information discussed during the interview to the requestor of this test. I understand that the results of the tests(s) will be furnished to the requestor. I agree not to institute and (sic) civil or criminal action against Enquire or the agents of Enquire because of the information revealed by himself during the interview or because of the results of the tests(s).
As a result of appellants' refusal to sign the consent forms, Enquire declined to administer the polygraph examination. Subsequently, the president of Equitable explained to Ballaron and Theobold that they had only two options: either sign the consent form and submit to the polygraph examination or be discharged for failing to comply with this request. Both Ballaron and Theobold steadfastly refused to sign the consent form and were discharged. Later the pair filed suit against Equitable and Enquire alleging damages for intentional infliction of emotional distress, abuse of right, and negligence in administering the polygraph test. After the trial court dismissed the suit on summary judgments, this appeal was perfected.

ASSIGNMENT OF ERROR
By their sole assignment of error appellants contend the trial court erroneously granted the motions for summary judgment dismissing their claims against Equitable and Enquire. We disagree.
A motion for summary judgment shall be granted "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." C.C.P. Art. 966(B). Our review of the record in the present case convinces us that the trial court did not err in granting the summary judgments.
Appellants assert that Equitable's actions in discharging them for refusal to sign the Enquire consent form constituted an abuse of right. We disagree. Under C.C. Art. 2747:
A man is at liberty to dismiss a hired servant attached to his person or family without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
Moreover, an employer hired for an indefinite term may be dismissed by the employer at any time and for whatever reason, without the employer incurring liability for the discharge. Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243, (La. App. 1st. Cir.1980). See also: Gil v. Metal Service Corporation, 412 So.2d 706 (La.App. 4th Cir.1982), writ denied 414 So.2d 379 (La.1982).
In the present case, there is no dispute that both appellants were employed for indefinite terms and as such were subject to *483 discretionary discharge by Equitable. Appellants argue, however, that notwithstanding their employment-at-will status, their discharge under the circumstances was an abuse of right.
To justify application of Louisiana's "Abuse of Rights Doctrine", one of the following conditions must exist:
(1) the exercise of rights exclusively for the purpose of harming another or with the predominant motive to cause harm; (2) the non-existence of a serious and legitimate interest that is worthy of judicial protection; (3) the use of the right in violation of moral rules, good faith or elementary fairness; or (4) the exercise of the right for a purpose other than that for which it was granted.
Illinois Central Railroad Co. v. International Harvester, 368 So.2d 1009 (La.1979). From our review of the record, we conclude that appellants failed to prove that any of these criteria were met. The depositions of Ballaron and Theobold, and an affidavit by Equitable's president show that there was no malice or ill-intent behind Equitable's firing of the appellants. According to Equitable's president he was merely following company policy when he discharged the appellants and, in fact, he regretted having to do so. Equitable also clearly had a legitimate interest in requiring their employees to submit to polygraph examinations. Having discovered that an employee had embezzled company funds, Equitable certainly had good reason to investigate the full scope of the embezzlement problem.
Moreover, in our opinion, Equitable did not use its right to discharge appellants in bad faith or in a manner inconsistent with fundamental fairness. To the contrary, the facts suggest that Equitable acted responsibly by mandating that certain employees take the polygraph exam. When Ballaron and Theobold refused to cooperate with the polygraph examiner's request that they sign the consent form, Equitable had little recourse but to follow company policy and discharge the appellants. We cannot state that in so doing Equitable acted in less than good faith. In sum, we find that Equitable did not abuse its right to discharge "at will" employees Balloran and Theobold.
Appellants also allege that under Article I, Sec. 5 of the Louisiana Constitution of 1974, they were protected in their refusal to sign the Enquire consent forms because these forms unconstitutionally invaded their privacy. We find no merit to this argument. The right to privacy may be invaded in any one of four ways: (1) the appropriation of a person's name or likeness for the use or benefit of the defendant; (2) unreasonable intrusion upon the plaintiff's physical solitude or seclusion, when the activity intruded upon is private; (3) publicity which unreasonably places the plaintiff in a false light before the public; and (4) the unreasonable public disclosure of embarrassing private facts. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979). Under the facts of this case we do not believe that requiring appellants to sign the Enquire consent forms could constituted an actionable invasion of privacy.
Appellants further contend that their discharge by Equitable violated R.S. 23:963 which prohibits employers from retaliating against employees who refuse to "deal with another" as a condition of their employment. We disagree. R.S. 23:963 was enacted to prevent employers from applying coercive pressure to force employees to purchase goods or services from persons or companies designated by the employer. In the present case, appellants were discharged after they refused to cooperate fully with a personnel investigation. In our opinion, Equitable's discharge of the appellants for their refusal to sign the Enquire consent forms did not constitute an act of coercion designed to force appellants to "deal with another" as proscribed by R.S. 23:963.
Appellants also contend that Enquire and Equitable are liable for negligence caused by Enquire's "reckless disregard" of statutory provisions set forth in the Polygraphist Act, R.S. 37:2831 et seq. Specifically appellants allege that the examiner did not inform them of the "nature" of the examination as required by R.S. 37:2848(a). Nor *484 did the examiner inform them that the examination was "voluntary" or that their refusal to submit to the polygraph test would not be an "inference of guilt" or "cause or justification for termination of employment within the meaning of any law relating to unemployment compensation", as mandated by R.S. 37:2848(b).
While the record supports appellants' allegations that Enquire's examiner did not, in fact, comply with the requirements of the Polygraphist Act, we conclude that the Act is regulatory in nature and was not intended to grant a private right of action to persons allegedly aggrieved by violations of the Act. This finding is supported by R.S. 37:2832 which provides that the purpose of the Act is "... to regulate all persons who purport to be able to detect deception or to verify the truth of statements through the use of polygraph instrumentation and this Chapter shall be liberally construed to provide a system of certification for persons who use polygraph instrumentation..." We also observe that nowhere in the Act is a private right of action extended to examinees.
We further note that the depositions of Ballaron and Theobold show that they suffered no injury from the alleged violations of the Polygraphist Act. Both appellants indicated that even if the examiner had informed them that the test was voluntary and that their refusal to submit would not be an inference of guilt or impact on their eligibility for unemployment compensation, they would still not have signed the consent form. Under these facts and our interpretation of the Polygraphist Act, we find this claim to be without merit.
Additionally, appellants claim that Equitable intentionally inflicted severe emotional distress upon them by discharging them for refusal to cooperate with the polygraph examiner. We disagree. The record does not support a claim for this tort.
The general rule of law concerning damages for mental distress due to intentional torts is that the defendant must either have actively desired to bring about the mental anguish or realized to a virtual certainty that it would occur. Recovery for mental anguish caused by intentional torts has generally been limited to instances of outrageous conduct.
Breaux v. South Louisiana Electric Cooperative Association, 471 So.2d 967 (La. App. 1st. Cir.1985).
In the present case, the president of Equitable stated in a sworn affidavit that Equitable did not actively desire to cause appellants mental anguish or realize to a virtual certainty that mental anguish would occur. Moreover, the depositions of the appellants indicate that the conduct of Equitable's president was far from outrageous. Ballaron stated at deposition that Equitable's president "... said he was very sorry, and I was very emotional. He was very nice. I was emotional to a certain point too, but, he said, `That's the company policy'". Theobold also testified at deposition that Equitable's president was not mean or harsh when he told the appellant that he must sign the consent form or be discharged. In light of this uncontroverted evidence, it is apparent that appellants were not entitled to recovery for intentional infliction of emotional distress as a matter of law.
Lastly, appellants contend that Equitable breached a quasi-contractual duty to protect its employees from abuses or acts of negligence caused by the Enquire polygraph examiner retained by Equitable. Because we conclude from a review of the record that Enquire did not act in an abusive or negligent manner in attempting to administer the polygraph examination, we need not address this assertion.
On the basis of pleadings, affidavits and depositions submitted by the parties, we find that there was no genuine issue of material fact and that Enquire and Equitable were entitled to summary judgments as a matter of law.
The judgment of the trial court is therefore affirmed at appellant's cost.
AFFIRMED.