Dan WALTHER, Plaintiff–Appellant,

v.

NATIONAL TEA COMPANY, Defendant–Appellee.

Chester KLOSS, Plaintiff–Appellant,

v.

NATIONAL TEA COMPANY, Defendant–Appellee.

No. 87–3920

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 21, 1988.

Dianne Hill, Baton Rouge, La., for plaintiffs-appellants.

Maureen L. Hogel, Michael S. Mitchell, New Orleans, La., for defendant-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Dan Walther and Chester Kloss appeal the Fed.R.Civ.P. 12(b)(6) dismissal of their complaints against National Tea Company. The district court concluded in this diversity jurisdiction litigation that the complaints failed to state a cause of action under Louisiana law. We affirm.

## Background

On June 13, 1986, giving less than 24 hours notice, National Tea Company fired Walther and Kloss who had worked for them as co-managers for almost ten years. National Tea suggested that the terminations were made necessary because of the company's financial belt-tightening. However, the complainants assert that the company expanded following their dismissal and hired numerous new employees.

Walther and Kloss each filed suit in state court alleging that National Tea dismissed them solely to prevent the vesting of pension benefits. They sought reinstatement, the vesting of benefits, actual and punitive damages, and attorneys' fees. Invoking diversity jurisdiction, National Tea removed the state petitions and thereafter moved for dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. After thoroughly reviewing all potentially applicable legal theories upon which relief could be granted, the district court dismissed the action.

Walther and Kloss appeal, urging only that the district court misapplied Louisiana's abuse-of-rights doctrine. The complainants contend that the trial judge should have balanced the value which National Tea received by its exercise of its legal right to terminate their at-will employment contracts against the harm they suffered.

## Analysis

The balancing urged by Walther and Kloss, although it has a definite equitable appeal, is not required by the controlling Louisiana jurisprudence which we, as an *Erie* court, are obliged to apply.

One Louisiana court has explained the abuse-of-rights doctrine as imposing "fault" upon a party who attempts to exercise a right, that he or she legally possesses, with the intention of harming or imposing a detriment upon another. *Lambert v. Maryland Cas. Co.*, 403 So.2d 739, 755 (La.Ct.App.1981), *aff'd* 418 So.2d 553 (La. 1982). To cast a party "in damages for exercising a right legally conferred upon him there must exist (1) no benefit to the person exercising the legal right and (2) damage or injury to the person against whom the legal right is asserted." *Id.* at 757. If a party has a "legitimate and serious interest" in the exercise of the right, then the injured person cannot recover under a theory of abuse of rights. *Id. See also, Illinois Cent. R. Co. v. International Harvester*, 368 So.2d 1009, 1014 (La.1979); *Morse v. J. Ray McDermott of La., Inc.*, 344 So.2d 1353, 1369 (La.1977) (Calogero, J. on rehearing).

A Louisiana court recently has analyzed the abuse-of-right doctrine in an employment setting, *Ballaron v. Equitable Shipyards, Inc.*, 521 So.2d 481 (La.Ct.App.1988), rejecting the contention that notwithstanding the employment-at-will status[1] of two employees, their discharge represented an abuse of right. The employees stated that they were fired because they refused to submit to a polygraph examination. The court found that the employer had a legit-

---

1. The Louisiana Civil Code addresses employment-at-will status in article 2747 which reads:

    A man is at liberty to dismiss a hired servant attached to his person or family without assigning any reason for so doing. The servant is also free to depart without assigning any cause.

    Louisiana case law has recognized that an employee hired for an indefinite term may be dismissed by the employer at any time for whatever reason without the employer incurring liability for the discharge. *Ballaron,* 521 So.2d at 482. *See also Gil v. Metal Service Corp.*, 412 So.2d 706 (La.Ct.App.) *writ denied,* 414 So.2d 379 (La.1982); *Jackson v. East Baton Rouge Parish School Board,* 393 So.2d 243 (La.Ct.App. 1980).

imate interest in enforcing the company policy which required the discharge of an employee who refused to take the examination. Because of this interest, the court found that the employer was not liable for an abuse of rights. *Id.* at 483.

Applying the *Lambert* test, we need only answer the question whether National Tea received any benefit by exercising its legal right to discharge employment-at-will employees. Notwithstanding the inequity of the practice of firing employees to prevent the accrual of benefits, by discharging the two co-managers National Tea avoided the liability inherent in the vesting of their pensions. Because of this interest, the Louisiana precedents mandate a finding that National Tea did not breach the abuse-of-rights doctrine.

AFFIRMED.