537 So.2d 383 (1988)
Victoria Cheramie JOHNFROE and Perry A. Johnfroe
v.
CHILDREN'S HOSPITAL, et al.
No. 88-CA-0267.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1988.
Robert E. Lee, New Orleans, for plaintiffs.
Allison H. Penzato, Metairie, for defendants.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
*384 ARMSTRONG, Judge.
Plaintiffs, Victoria Cheramie Johnfroe and Perry A. Johnfroe, mother and son, instituted this defamation action against defendants, Children's Hospital, St. Paul Fire & Marine Insurance Company (St. Paul), Drs. Mary and John Doe, and XYZ Insurance Company.[1] Children's Hospital and St. Paul filed an exception of no cause of action which was maintained by the trial court. Plaintiffs now appeal the maintenance of that exception and dismissal of their suit.
On appeal plaintiffs assert that the trial court erred and that their petition does state a lawful cause of action. The exception of no cause of action is tried on the face of the petition. La.C.C.P. art. 931; Mayer v. Valentine Sugars, Inc. 444 So.2d 618 (La. 1984). In considering an exception of no cause of action the correctness of fact is conceded and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording plaintiffs the opportunity of presenting their evidence. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Carmouche v. Oubre, 394 So.2d 805 (La.App. 4th Cir. 1981).
Plaintiffs' petition states in pertinent part:

"3.
At the request of plaintiff's legally separated wife who had joint custody of said minor children the children were physically examined by a physician on the staff of defendant Children's Hospital and subsequently interrogated at length by said doctor to determine if the children had been sexually abused by PAJ and/or Victoria Cheramie Johnfroe (VAJ) and/or the grandfather, Remis Johnfore since deceased. The results of this examination and reason therefore were delivered to the Jefferson Parish Sheriff's Office and Sheriff's Office for the Parish of Lafourche, plaintiffs' home for many years.

4.
At the trial for the divorce and custody of the children the examining physician who is on the staff of Children's Hospital had testified under oath that the results of the examination and subsequent interrogation were inconclusive inasmuch as the children would not or could not respond to her questions and that another questioning source was recommended by this physician. And, further, on cross examination it was admitted that her information of any possible abuse was pure hearsay.

5.
Nevertheless, when PAJ was sent bills with respect to the services provided by the Hospital, one for Michelle and one for Joshua, on Line 78 entitled Principal and Other Diagnoses Description the answers was Joshua-HISTORY OF CHILD ABUSE (in capitals) and for Michelle-HISTORY OF SEXUAL ABUSE (in capital letters).

6.
Both plaintiffs have constantly and vigorously denied any of the charges which are criminal by statute and involve heavy penalties in our state penitentiary for conviction of the above stated Diagnoses etc.

7.
Upon getting this piece of literature in the mail plaintiffs had a letter written to the Acting Executive Director for Children's Hospital protesting this behavior to no avail and to this day nothing has been done or offered to plaintiffs by way of explanation.

8.
Plaintiffs charge all defendants with malice, recklessness, indifference, publication of this vicious, clearly unfounded *385 charge of criminal behavior on the part of plaintiffs which is defamatory per se."
To maintain a cause of action for defamation a plaintiff must establish the following elements, (1) defamatory words, (2) publication, (3) falsity, (4) malice, (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980); Bradford v. Murray, 467 So.2d 1297 (La.App. 4th Cir.1985), writ denied, 469 So.2d 988 (La.1985).
Generally, a statement will be considered defamatory if it tends to expose a person to contempt, hatred, ridicule or obloquy, causes a person to be shunned or avoided, or has a tendency to deprive him of the benefits of public confidence or injure him in his occupation. It includes almost any language which upon its fact has a natural tendency to injure the person's reputation, either generally or with respect to his occupation. Bradford v. Murray, supra, Brown v. News-World Publishing Corp., 245 So.2d 430 (La.App. 2d Cir.1971).
Words imputing criminal action to another are defamatory per se. Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir. 1979); Parsons v. Gulf & South American Steamship Co., 194 So.2d 456 (La.App. 4th Cir.1967). It has been held that when words are defamatory per se, falsity and malice are presumed. Trahan v. Ritterman, supra.
While child abuse and the sexual abuse of children are criminally sanctioned actions, we do not see any factual assertions contained in plaintiffs' petition that Children's Hospital issued or uttered any words imputing criminal actions to any of the plaintiffs. Nor do we see factual allegations that any other defamatory words were issued or uttered by the hospital.
Plaintiffs purport to set forth what apparently were two separate defamatory acts by Children's Hospital. The first was the delivery to the two law enforcement agencies of the reports of the children's examinations. The reports allegedly contained the results of the examinations and the reasons therefore. The examinations were made at the specific request of the children's mother who had joint custody of them with plaintiff, Perry Johnfroe. The mother suspected the plaintiffs of sexual abuse. This was the reason for the examinations as alleged by plaintiffs in their petition. When the hospital delivered, along with the results of the examinations, this stated reason for the examinations, they were merely accurately stating why the examinations had been conducted. They were making a true statement. The hospital cannot be held liable for defamation for making a true statement. Cangelosi v. Schwegmann Brothers Giant Super Markets, supra; Bradford v. Murray, supra. As to the results of the examinations, plaintiffs make no factual assertions that these had the effect of imputing any criminal behavior to them or in any way otherwise defamed them.
The second alleged defamatory act was the mailing of the hospital bills to Perry Johnfroe. As set forth in plaintiffs' petition these two bills simply state as diagnoses descriptions, respectively, "history of child abuse" and "history of sexual abuse." These words do not impute criminal behavior to the plaintiffs or anyone in particular. Moreover, to establish a cause of action for defamation the alleged defamatory words must have been disclosed to a third party, a person other than the one defamed. These bills were sent to one of the parties allegedly defamednot a third party. Third party cannot be interpreted to include Perry Johnfroe so as to establish publication or disclosure to a third party to support his mother's cause of action for defamation.
For these reasons we find that the trial court properly sustained defendants exception of no cause of action.
Although plaintiffs did not raise it, we will examine the issue of whether or not the trial court properly dismissed plaintiffs' suit with prejudice without allowing them the opportunity to amend their petition. La.C.C.P. art. 934 provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception *386 shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
To allow the amendment contemplated by La.C.C.P. art. 934 there should be some indication that the defective petition can be amended to state a lawful cause of action. A plaintiff must be able to remove the grounds of the objection. The trial court apparently felt that the grounds of the objection could not have been removed. We agree. Plaintiffs brief on appeal gives us no indication that the petition could be amended to state a lawful cause of action. We have examined the medical reports contained in the record as well as the hospital bills and conclude that the petition cannot be amended to state a cause of action. The trial court properly dismissed plaintiffs' petition.
For the reasons assigned[2] we affirm the judgment of the trial court. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Drs. Mary and John Doe and XYZ Insurance Company were apparently never served with citation.
[2] We need not discuss any possible immunity from civil liability provided by La.R.S. 14:403 since we have resolved the appeal on these other grounds.