LOBRANO, Judge.
Plaintiff, 210 Baronne Street Limited Partnership (210 Baronne) sued The First National Bank of Commerce (FNBC) and Westminster Corporation for defamation, abuse of right, inducement for breach of contract and invasion of its business interests. 210 Baronne is FNBC’s landlord and Westminster is an agent of FNBC.
In February, 1987, FNBC filed a petition for declaratory judgment as a result of a rent dispute. In the suit, FNBC seeks a declaration of its rights and obligations under its lease with 210 Baronne. 210 Bar- *503 onne acquired the lease when it purchased the building.
In February, 1987, FNBC issued a press release concerning that lawsuit. Shortly thereafter, City Business newspaper interviewed Robert C. Sossaman, FNBC’s Vice President in charge of facilities. City Business reported this interview in an article published on March 30, 1987.
In August, 1987, FNBC retained Westminster to “test” the market for possible sublease. They prepared and circulated a flyer offering to sublease space in the building. This prospectus was distributed to businesses, including other tenants of 210 Baronne.
210 Baronne filed the instant action as a result of the press release, the City Business article and the flyer. They allege that the press release and article contain egregious misrepresentations of fact which were intended to damage and did damage 210 Baronne.
On April 29,1988, the trial court granted Westminster’s exception of no cause of action, reserving to 210 Baronne the right to amend its pleadings within 45 days. The pleadings were not amended, and Westminster was dismissed from this action.
Subsequently, FNBC moved for summary judgment urging that the complained of statements were not defamatory as a matter of law as they constituted opinion and a description of FNBC’s position in the declaratory action matter.
On August 18, 1988, the trial court granted FNBC’s motion stating that the flyer seeking prospects was an entirely reasonable exercise of its right to sublease and that the statements in the press release and City Business article, taken as a whole, were clearly descriptive of the pending lawsuit and, in such context, were not defamatory. The trial court dismissed 210 Baronne’s case.
210 Baronne now appeals alleging that the trial court erred in holding that the statements published by FNBC were not defamatory. They also assert that it was error to dismiss the entire action as its petition asserts claims other than defamation.
A motion for summary judgment should be granted when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. C.C.P. Art. 966. The party moving for summary judgment carries the burden of showing there is no issue of fact, and all doubt and inferences will be resolved in favor of the party opposing the motion. Bates v. Times-Picayune, 527 So.2d 407 (La.App. 4th Cir.1988), writ den., 532 So.2d 136 (La.1988). The motion may be supported or opposed by affidavits, interrogatories and depositions. The adverse party cannot merely rely on the allegations or denials in his pleadings. C.C.P. Arts. 966, 967.
In support of its motion, FNBC submitted a copy of the petition in the declaratory judgment action, a copy of the February 24, 1987, press release captioned, “FNBC Seeks Declaratory Judgment in Lease Dispute With Landlord,” a copy of the flyer, copies of portions of the depositions of Joseph Wells and Robert Sossaman taken in the declaratory judgment action, the deposition of Ian Arnof, a copy of the March 30, 1987, City Business article and the affidavit of Robert Sossaman.
In opposition, 210 Baronne also submitted copies of the press release, news article and flyer as well as portions of the lease agreement regarding the sub-lease clause and a copy of the August 16, 1985 report on the building by the New Orleans Fire Department.
In cases affecting the exercise of First Amendment liberties, proper summary judgment practice is essential. Summary judgment is a procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritable actions which threaten the free exercise of the right of speech. Schaefer v. Lynch, 406 So.2d 185 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); Owens v. National Broadcasting Co., 508 So.2d 949 (La.App. 4th Cir.1987), writ den., 512 So.2d 1182 (1987); Andrus v. Abellor, 482 So.2d 1092 (La.App. 3rd Cir.1986), writs den., 486 So.2d 733 (La.1986).
*504 To maintain an action in defamation, the plaintiff must prove the following: (1) defamatory words; (2) publication; (3) falsity, (4) malice, actual or implied; and (5) resulting injury.[1] Cangelosi v. Schwegmann, 390 So.2d 196 (La.1980); Bates, supra.
Defamatory words are those which tend to expose a person to contempt, hatred, ridicule or obloquy, or which cause a person to be shunned or avoided, or which have a tendency to deprive him of the benefits of public confidence or injure him in his occupation. Gorman v. Swaggart, 524 So.2d 915 (La.App. 4th Cir.1988), writ den., 530 So.2d 571-4 (La.1988); Bradford v. Murray, 467 So.2d 1297 (La.App. 4th Cir.1985), writ den., 469 So.2d 988 (La.1985). See also Freeman v. Cooper, 414 So.2d 355 (La.1982). When words are not defamatory per se, the entire context is which they are used must be considered to determine if they can be considered defamatory. Mashburn v. Collin, supra.
We have annexed hereto as exhibits, copies of the press release and City Business article. The statements contained in each clearly show that a lawsuit is pending between 210 Baronne and FNBC concerning their lease. The articles are descriptive of the controversy between the parties and express Sossman’s opinion of FNBC’s position in the suit. When read in their entirety, the articles clearly are FNBC’s description of its lawsuit allegations and the reasons for asserting them. We find nothing defamatory in those articles.
We also make the same conclusion with respect to the flyer printed and distributed by Westminster. It contains no words or statements which are defamatory. In fact, it includes praises of the building such as “prime commercial banking space, on six floors,” “historic buildings," and “stately banking lobby.”
We therefore affirm the trial court’s dismissal of 210 Baronne’s defamation claim.
With respect to the other claims, in brief 210 Baronne states that it does not contest the dismissal of its action for inducing a breach of contract, citing this Court’s decision in New Orleans, et al v. United Gas Pipe Line Company, 517 So.2d 145 (La.App. 4th Cir.1987), cert. denied, — U.S. -, 109 S.Ct. 273, 102 L.Ed.2d 262 (1988). The trial court was correct that Louisiana jurisprudence had not recognized this cause of action. However, on the day before this case was orally argued, our supreme court decided 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989) which apparently changes the law in this regard. Nevertheless, appellant has conceded this issue and we need not address it.
However, FNBC did not assert any grounds in its motion for summary judgment to support the dismissal of 210 Baronne’s “abuse of right” claim. The elements of this cause of action are enunciated in Illinois Central Railroad Co. v. International Harvester, 368 So.2d 1009 (La.1979). See also, Ballaron v. Equitable Shipyards, Inc., 521 So.2d 481 (La.App. 4th Cir.1988), writ den., 522 So.2d 571 (La.1988). We therefore reverse the dismissal of that claim and remand to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
APPENDIX B
FNBC SEEKS DECLARATORY JUDGMENT
IN LEASE DISPUTE WITH LANDLORD
For Additional Information, Contact:
Rosemary James (504) 586-1609
Robert C. Sossaman (504) 582-7398
Thomas C. Keller (504) 581-6641
February 24, 1987
FOR IMMEDIATE RELEASE
*505 The First National Bank of Commerce filed suit today in Civil District Court, seeking a judgment in a contract dispute with the owner of the building in which the bank’s headquarters are located, 210 Bar-onne St.
Owner of the building is a Maryland-based concern, 210 Baronne Street Limited Partnership.
The lawsuit asks the court to determine the amount of rent the bank is obligated to pay the owner under the terms of an existing contract, which went into effect January 1, 1987.
Robert C. Sossaman, FNBC’s Vice President for Facilities Management, said the suit revolves around a rent-calculation clause in the lease for the bank’s main office.
“We filed the suit for three reasons. Number one, our landlord decided to virtually double our rent in spite of an existing lease and even though the bank is paying market rates for the space we are occupying. Number two, the owner has failed to make necessary modifications to bring the building up to code standards. Number Three, the owner has failed to rectify serious deficiencies in the cooling and ventilation system,” Sossaman explained.
According to the suit, FNBC tendered rent checks on a timely basis for the amount it believed due for January and February, 1987. 210 Baronne Street refused those checks, claiming double the amount is due.
FNBC’s attorneys are asking permission to deposit the disputed amount of money with the court for the duration of the litigation.
Thomas C. Keller of Jones, Walker, Wae-chter, Poitevent, Carrere and Denegre, attorneys for the bank, said:
“The bank has a valid lease, which 210 Baronne Street acquired when it purchased the building from the Richards family in 1985. The owner of the building understood the terms of the lease when the building was purchased and is now attempting to recalculate the rent without legal justification.”
Keller explained that 210 Baronne Street is improperly attempting to raise the bank’s rent by including long-term mortgage interest in its rent calculations. Additionally, he said, 210 Baronne Street is attempting to charge rent for space created at the expense of the bank with the explicit understanding that the bank would pay no additional rent if it invested in these improvements. The space in question is the bank’s mezzanine and areas which previously were air shafts.
Bank officials noted that FNBC has had its headquarters at 210 Baronne St. for more than 50 years.
*506 APPENDIX C
[[Image here]]
ON APPLICATION FOR REHEARING
PER CURIAM.
We deny the rehearing application of 210 Baronne Street Limited Partnership. However, we grant the application of First National Bank of Commerce and for the following reasons reverse our original holding on the abuse of rights cause of action.
In our original opinion we reversed the trial court on that issue and held that FNBC did not assert sufficient grounds in its motion for summary judgment to support the dismissal of this claim. This hold *507 ing was predicated partly on the fact that FNBC did not argue this issue in its trial court memorandum, but only argued the defamation issue. However, FNBC points out that although they failed to brief this issue before the trial court, the judgment did in fact dismiss all claims, and that, in any event, they submitted sufficient evidence to support their summary judgment.
On reexamination of the record, we agree. To justify the application of the doctrine of “abuse of rights”, one of the following must exist:
“(1) the exercise of rights exclusively for the purpose of harming another or with the predominant motive to cause harm;
“(2) the non-existence of a serious and legitimate interest that is worthy of judicial protection;
“(3) the use of the right in violation of moral rules, good faith or elementary fairness; or
“(4) the exercise of the right for a purpose other than that for which it was granted.”
Ballaron v. Equitable Shipyards, Inc., 521 So.2d 481 (La.App. 4th Cir.1988) at 483; writ denied, 522 So.2d 571 (1988), citing Illinois Central R. Co. v. Int’l Harvester, 368 So.2d 1009 (La.1979).
210 Baronne alleges the following:
XI.
“That in October, 1987 the defendant, F.N.B.C., through its agent defendant, Westminster Corporation, caused a prospectus to be prepared and circulated to the general public, including tenants and prospective tenants of 210 Baronne Street Limited Partnership, purportedly offering the space which the F.N.B.C. occupies in the F.N.B.C. Building for sublease; that this prospectus is misleading and was confected and/or has been used to inflict pecuniary injury to petitioner’s business as lessor of the F.N.B. C. Building.”
XII.
“That defendant, Westminster Corporation, as agent for defendant, F.N.B.C., and individually, circulated the prospectus to the general public, including tenants and prospective tenants of 210 Bar-onne Street Limited Partnership; that further, defendant, Westminster Corporation, is engaged in an abuse of right and/or a violation of its obligations and duties of good faith by using said prospectus, the aforementioned press release and the intervening course of conduct all to inflict wrongful damage on the legitimate business of 210 Baronne Limited Partnership.”
210 Baronne argues that FNBC abused its right to sublease by allowing its agent, Westminster, to seek prospective tenants for the space occupied by FNBC. In doing so, 210 Baronne asserts that a prospectus was distributed to other tenants of the buildings, which is evidence of a “malicious intent” by FNBC.
FNBC, in support of its motion, relies on the testimony of IAN Amof, President and Chief Executive Officer of First Commerce Corporation, FNBC’s holding company. In summary, Amof testified that the FNBC had legitimate business reasons for seeking potential subleases. He stated “[t]he primary reasons for running the ads to lease the space were to develop alternative plans so we can start planning in advance in the event the lawsuit took a peculiar turn.” The lawsuit referred to was FNBC’s declaratory judgment action.
In opposition, 210 Baronne argues that the prospectus itself is sufficient to raise an issue of material fact as to FNBC’s intent. They argue that they are entitled to a trial on the merits to prove that intent. We disagree.
A party opposing a motion for summary judgment may not rest on the mere allegations of his pleading. La.C.C.Pro. Art. 967. 210 Baronne’s pleadings state that the “prospectus is misleading and was con-fected and/or has been used to inflict pecuniary injury_” FNBC’s president testified that their actions were for legitimate business reasons. We find no dispute of this issue of material fact. Therefore we hold that 210 Baronne’s claim for abuse of right should also be dismissed.
*508 We amend our original holding and affirm in toto the trial court judgment.
AFFIRMED.

. This Court has recognized that where private individuals (as opposed to public or limited purpose public figures) are the victims of alleged defamation, the “malice” requisite should be more properly termed fault. Bates, supra.