Idella D. JOSEPH

v.

ZACHARY MANOR NURSING HOME.

Civ. A. No. 87–428–A.

United States District Court,
M.D. Louisiana.

Jan. 22, 1990.

James C. Ferguson, Baton Rouge, La., for plaintiff.

James K. McCay, William R. D'Armond, Michael C. Garrard, Cynthia M. Chemay, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendants William Moorhead and Alive Moorhead.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

This matter is before the court on the defendant's second motion requesting that the court decline to exercise pendent jurisdiction and on defendant's motion for partial summary judgment. Plaintiff opposes both motions. There is no need for oral argument. Jurisdiction is apparently based upon 28 U.S.C. §§ 1331 and 1343.

In this case, plaintiff alleges that her employment at the Zachary Manor Nursing Home was wrongfully terminated, and that this termination was based on her race, black. Plaintiff alleges causes of action under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Thirteenth and Fourteenth Amendments to the United States Constitution, and various state law claims.

By way of a Joint Stipulation of Partial Dismissal with Prejudice, the parties agreed to dismiss with prejudice the plaintiff's Thirteenth and Fourteenth Amendment claims.

On August 5, 1988, this court denied the defendant's first motion requesting that the court decline to exercise pendent jurisdiction over the various state law claims.

I. Defendant's Motion for Partial Summary Judgment

By way of this motion for partial summary judgment, defendant endeavors to have plaintiff's claims under 42 U.S.C. § 1981 dismissed with prejudice. Defendant relies on the recent United States Supreme Court decision of *Patterson v.*

*McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), in which the court found that 42 U.S.C. § 1981 protects only against racial discrimination in the making and enforcement of employment contracts, not discrimination during the life of the contract. In *Patterson*, the court was faced with claims of harassment, denial of a promotion, and discharge of an employee, all done allegedly because of her race. The court clearly found that racial harassment concerning the conditions of employment is not actionable under § 1981. *Patterson*, 109 S.Ct. at 2374. The court also clearly holds that § 1981 "covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." *Id.* Plaintiff argues that the *Patterson* court does not specifically address the discriminatory discharge issue, therefore, the minority opinion's interpretation of § 1981's applicability to discriminatory cases should be followed.

Plaintiff strenuously argues that the majority opinion in *Patterson*, supra, is incorrect and that this court should opt to follow Justice Brennan's minority opinion. That is an argument more properly addressed to the Supreme Court. This court is bound to follow the majority opinion. The discriminatory discharge situation is encompassed within the wording of *Patterson*, which allows claims under § 1981 to be made only when discriminatory conduct exists at the initial formation of the contract or when the discriminatory conduct impairs the right to enforce the contract through legal process. The discriminatory discharge alleged in the case at bar cannot be maintained under the *Patterson* court's interpretation of 42 U.S.C. § 1981.

Accordingly, the defendant's motion for partial summary judgment seeking dismissal of the 42 U.S.C. § 1981 claim is hereby GRANTED.

### II. Defendant's Second Motion Requesting that the Court Decline to Exercise Pendent Jurisdiction

By way of this motion, defendant requests that the court decline to exercise pendent jurisdiction over the various state law claims asserted because:

(1) resolution of the state law claims would require consideration of factual issues not relevant to the Title VII claims;

(2) the unsettled condition of the "abuse of rights" doctrine relied upon by the plaintiffs;

(3) the potential for jury confusion if the jury is to decide the state law claims and the court is to decide the Title VII issues.

Plaintiff, however, contends that the state law claims involve the same federal issues as the Title VII claims; that the abuse of rights doctrine is well-settled in Louisiana; that the jury will not be confused by including the state law claims; and that the court should exercise pendent jurisdiction over the state law claims for reasons of judicial economy, convenience and fairness to the litigants.

■ Pendent jurisdiction, the ability of a federal court to hear a jurisdictionally insufficient claim which is linked to a jurisdictionally sufficient claim, has its basis in the interest of both the parties and the judicial system in having all of the claims between litigants, both federal and state, resolved in one suit. *Lentino v. Fringe Emp. Plans, Inc.*, 611 F.2d 474, 478 (3d Cir.1979). In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court described situations in which it is proper for a federal court to exercise pendent jurisdiction. Federal courts have the constitutional power to exercise pendent jurisdiction when the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding. *United Mine Workers*, 383 U.S. at 725, 86 S.Ct. at 1138. Judicial economy, convenience and fairness should be considered in deciding whether to exercise the pendent jurisdiction of the court over state claims. *Ingram Corp. v.*

*J. Ray McDermott & Co., Inc.,* 698 F.2d 1295, 1320 (5th Cir.1983).

Plaintiff asserts that the abuse of rights doctrine is well settled in Louisiana. Plaintiff is simply incorrect. While the Supreme Court of Louisiana has certainly recognized the existence of such a doctrine, see *Morse v. J. Ray McDermott & Co., Inc.,* 344 So.2d 1353 (La.1977), the complete contours of its reach are not clearly established. For example, in *Lambert v. Maryland Casualty Co.,* 403 So.2d 739 (La.App. 4th Cir.1981), the court noted that, "There is a paucity of jurisprudence in Louisiana dealing with the abuse of rights doctrine...." *Id.* at 756. In *Real Estate Services, Inc. v. Barnes,* 451 So.2d 1229 (La.App. 4th Cir.1984), the court referred to the "abuse of rights" doctrine in quotation marks. Quotation marks are not utilized to designate clearly established legal doctrine. See also, Redmann, *Abuse of Rights: An Overview of the Historical Evolution and the Current Application in Louisiana Contracts,* 32 Loy.L.Rev. 946 (1987).

On the other hand, the Fifth Circuit has applied the Louisiana doctrine of abuse of rights, see *Walter v. National Tea Company,* 848 F.2d 518 (5th Cir.1988) and there is some Louisiana jurisprudence upon which to rely. Defendant is incorrect as to the state law claims requiring consideration of additional factual issues. While there are some additional factual issues, particularly in the damages area, they are not numerous and all are closely related to the Title VII federal claims. The potential for jury confusion is minimal, not significant.

Considering all the circumstances, judicial economy, convenience and fairness dictate that all of plaintiff's claims relating to her employment dispute with this defendant should be resolved in one judicial proceeding.

The court concludes that jurisdiction over the state law claims should be exercised and defendant's motion to dismiss those claims is hereby DENIED.